

# The Attorney General of Texas

June 16, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable H. Bate Bond
County Auditor
Comal County Courthouse
New Braunfels, Texas 78130

Opinion No. H-1185

Re: Authority of the county
auditor to audit bond monies held
by the county sheriff.

Dear Mr. Bond:

You have requested our opinion regarding the authority of the county auditor of Comal County to audit bond monies held by the sheriff.

The county attorney contends that, since bond money is held by the sheriff in trust on behalf of a defendant, it never assumes the character of county funds and is therefore not subject to audit. Article 1651, V.T.C.S., however, grants to the county auditor

> a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county . . . .

Thus, if a county officer is authorized to collect any funds belonging to the county, all his records are subject to audit, without regard to the character of any particular money which he collects in an official capacity.

Furthermore, by virtue of article 1653, V.T.C.S., the auditor is granted "continual access" to and required to "examine all the books, accounts, reports, vouchers and other records of any officer. . . ." In Attorney General Opinion WW-1400 (1962), this office held that it was the county auditor's duty "to audit the child support account books of a District Clerk." We believe it is abundantly clear that the statutes direct the county auditor to audit all monies held by the sheriff in an official capacity, whether or not such monies belong to the county. But cf., Attorney General Opinion M-803 (1971) (sheriff is not required to comply with county auditor's request under article 1663 for information on feeding prisoners).

You also ask whether a sheriff may deposit trust funds in a bank other than the county depository.   Article 2549, V.T.C.S., which describes the procedure by which the commissioners court is directed to designate a county depository, applies to all funds held by a county officer.   Article 2549 provides that

> [a]ll money collected or held by any district, county or precinct officer in such county . . . shall be governed by this law, and shall be deposited in accordance with its requirements . . . .

Since article 2549 requires the deposit of funds in the depository designated by the commissioners court, and since the statute is applicable to all funds held by a county officer, we believe it obliges the sheriff to deposit trust funds, as well as all other monies he holds in an official capacity, in the depository so designated.

## SUMMARY

All money held by a county officer in an official capacity, whether or not such money belongs to the county, is subject to audit by the county auditor under article 1651, V.T.C.S. All funds held by a county officer in an official capacity, including trust funds, must be deposited in the county depository.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn